JARECKI MFG. CO. v. McELWAINE.

(Circuit Court, D. Indiana. March 13, 1901.)

No. 9,949, at Law.

1. DISCHARGE IN BANKRUPTCY—PLEADING ANSWER AS DEFENSE—ASSUMPTIONS ON DEMURRER.

In passing on a demurrer to an answer setting up a discharge in bankruptcy, the court must assume that every step in the bankruptcy proceeding prior to and at the time of discharge was in all respects regular and complied with every requirement of the act, and hence must assume that notice was given to defendant's individual and partnership creditors, and that an inventory of all his individual property and of all his beneficial interest, if any, in a firm of which he was a member, was fully scheduled.

2. SAME—RELEASE FROM PARTNERSHIP DEBTS.

Bankr. Act 1898, § 5, par. "h," provides that, where one member of a firm becomes bankrupt, partners not adjudged bankrupt shall wind up the

business and account to the trustee for the bankrupt's share; section 16 provides that the discharge of a bankrupt shall not alter the liability of his partner; and section 5, par. "g," provides that the court may permit the proof of claims of the partnership estate against the individual estate, and vice versa, and may marshal the assets of both estates to prevent preferences, and secure an equitable distribution of the property of the several estates. *Held*, that these provisions, in connection with the general intent of the law to release a bankrupt from all his indebtedness, authorized a discharge from partnership debts, and hence that a bankrupt's discharge must be held to have released him therefrom.

Frank Cutter and Herod & Herod, for plaintiff.
Harry J. Milligan, for defendant.

BAKER, District Judge. This is a suit brought by the plaintiff against the defendant upon three promissory notes alleged to have been executed by the firm of J. B. McElwaine & Co., which firm was composed of J. B. McElwaine and Montgomery M. McElwaine, now deceased. The complaint, in each paragraph, alleges that J. B. McElwaine died long prior to the bringing of this suit, but where, or whether testate or intestate, the plaintiff does not know, and alleges that there is no known administration upon his estate. The defendant, in the third paragraph of answer, alleges that on the 16th day of February, 1899, Montgomery M. McElwaine, of whose estate the defendant is administrator, filed in the district court of the United States for the district of Indiana his voluntary petition in bankruptcy, and on the same day was adjudged by said court a bankrupt; that thereafter, on, to wit, the ——— of ———, 1899, he filed in said court and said proceeding in bankruptcy his petition to be discharged, and such proceedings were had in said cause in bankruptcy that on the 31st day of May, 1899, he received from said court and the judge thereof a discharge from all his debts and claims which were provable against his estate, and which existed on the 16th day of February, 1899, and at the same time he received a certificate of discharge in bankruptcy in the ordinary form, a copy of which is filed with the answer. The defendant further alleges that the debts sued upon in this action were provable against the estate in bankruptcy of the decedent, Montgomery M. McElwaine, and that the same have been fully discharged by said bankruptcy proceeding. To this paragraph of answer the plaintiff has demurred, alleging that the same does not state facts sufficient to constitute a cause of defense.

In the determination of this demurrer the court must assume that every step in the bankruptcy proceeding prior to and at the time of the adjudication of discharge was in all respects regular and in compliance with every requirement of the bankrupt act. It must therefore assume that notice was given to the individual and partnership creditors of the bankrupt, and that an inventory of all the bankrupt's individual property and of all his beneficial interest, if any, in the firm of J. B. McElwaine & Co., were fully scheduled. There is some disagreement in the authorities as to whether a discharge of an individual partner releases him from liability upon partnership debts. The great weight of authority is in favor of the

doctrine that the discharge of a partner on his individual petition operates as a release alike from his individual and his partnership indebtedness. The cases which hold to the contrary seem to be based upon a misconception of the extent of the rights of a trustee over the bankrupt's estate, and as to the effect upon the firm of the bankruptcy of one of its members. The cases holding that a discharge granted to one member of a firm does not release him from partnership indebtedness, where he alone is adjudged a bankrupt, proceed on the principle that the trustee could not acquire possession of and administer the assets of the firm. In so holding it seems to have been overlooked that the bankruptcy of one member is ipso facto a dissolution of the firm, and that, while the solvent partner would be allowed to administer the partnership assets, yet the trustee in bankruptcy is entitled to the bankrupt's share of the partnership assets after the payment of the partnership debts. The separate estate of the bankrupt partner, and his beneficial interest in the firm after the payment of firm debts, is to be administered by the trustee for the payment of the bankrupt's individual debts. The adjudication of one partner as a bankrupt brings within the jurisdiction of the court his entire estate for administration, and if, after the payment of his individual debts out of his individual estate, any surplus remains, it will be applicable to the payment of firm indebtedness. For the purpose of reaching any such surplus, firm creditors may prove against the estate of the bankrupt partner. The most elaborate and exhaustive discussion of the subject under the bankrupt act of 1867 is found in the case of Wilkins v. Davis, 15 N. B. R. 60, Fed. Cas. No. 17,664; and, in my opinion, the reasoning in that case, as applied to the present bankrupt act, clearly demonstrates that the discharge of one partner releases him from all partnership indebtedness. The provision of section 5, par. "h," of the act of 1898, that where one member of a firm, but not all, becomes bankrupt, the partners not adjudged bankrupt shall wind up the business and account to the trustee for the bankrupt's share in the firm, although it introduces no new rule of law, does, however, clearly show that all the bankrupt's property—his individual assets as well as his beneficial interest in the partnership assets—passes to the trustee. As that section provides a means for reaching this beneficial interest, there would seem to be no reason for refusing a bankrupt a discharge which will release him from his partnership liability on the ground that his partnership assets are not assigned to and controlled by his trustee, to be used for the benefit of the partnership creditors, because the trustee having a right to his beneficial interest in the partnership assets, and the bankrupt law providing a means for the collection of that interest, everything in which the partnership creditors might have a pecuniary interest passes to the trustee by virtue of the adjudication of the partner as a bankrupt. It would seem to be impossible to consider the provisions of section 5, par. "h," with the general intent of the law to release a bankrupt from all his indebtedness existing at the time of the commencement of the proceedings in bankruptcy, and especially with the provisions of section 16, providing that the

release of the bankrupt by a discharge shall not alter the liability of a partner of the bankrupt, without reaching the conclusion that one member of a firm may be adjudged a bankrupt, that the partnership creditors may prove their claims against his estate, and that a discharge granted to one member of a firm releases him from all partnership as well as individual indebtedness. And this result seems to be fortified by section 5, par. "g," providing that the court may permit the proof of the claims of the partnership estate against the individual estate, and vice versa, and may marshal the assets of the partnership estate and the individual estate so as to prevent preferences and secure an equitable distribution of the property of the several estates.

It is not necessary to determine whether, as intimated in a number of cases cited by counsel for the plaintiff, if objection had been made pending the bankruptcy proceeding on the ground that the other partner had not been made a party, the court would have ordered that to be done, and, upon a failure to comply with such order, would have dismissed the proceeding or refused a discharge. The demurrer to the answer is overruled, to which the plaintiff excepts.