(46 Misc. Rep. 248)

DODGE et al. v. KAUFMAN.

(Supreme Court, Appellate Term. January 17, 1905.)

1. BANKRUPTCY—PARTNERSHIP—FIRM DEBTS—DISCHARGE OF PARTNER.

Code Civ. Proc. § 1268, declares that, if it appears on a motion to discharge a judgment that the petitioner has been discharged from the judgment or the debt on which the judgment was recovered, an order must be made discharging the judgment of record. Held, that since, in order to secure a discharge in bankruptcy from firm debts, there must be an ad-

judication of bankruptcy against the firm, an individual partner, who had been discharged in bankruptcy, was not entitled to a discharge from a judgment on a firm liability on a showing that the claim was provable in the bankruptcy proceedings against him.

Appeal from City Court of New York, Special Term.

Action by William E. Dodge and another against Otto Kaufman. From an order of the New York City Court denying defendant's motion to cancel and discharge as against him a judgment obtained against a firm of which he was a member, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Kenneson, Emley & Rubino, for appellant.
Dexter, Osborn & Gillespie, for respondents.

MacLEAN, J. Cancellation was sought and denied in the court below of a judgment obtained by the plaintiffs (respondents) against the defendant (appellant) and one Hirsch, composing the firm of the City Metal Works. The record discloses that the defendant (appellant) upon his own application was in due course individually adjudicated a bankrupt, and as such discharged; but "in order to secure a discharge from firm debts there must be an adjudication of the firm as bankrupt, and a firm trustee appointed, where there are firm assets." In re Meyers, 3 Am. Bankr. Rep. 260, 261, 97 Fed. 757. That not appearing, nor made so to appear by the affidavit of the appellant, "upon information and belief that said claim was provable in the proceedings in bankruptcy, and your deponent was discharged therefrom by the discharge granted therein," the justice below properly denied his application, for it is only "if it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered an order must be made directing said judgment be canceled and discharged of record." Code Civ. Proc. § 1268.

Orders affirmed, with costs and disbursements.

DAVIS, J., concurs.

SCOTT, J. (concurring). The motion was properly decided upon authority of Martin v. Laughlin, 3 Am. Bankr. Rep. 1, 96 Fed. 589, and the other cases cited by the court below. Whether the appellant can now amend his proceedings so as to procure an effective discharge from the copartnership debts is a matter for consideration by the bankruptcy court.