### BERRY BROS. v. SHEEHAN.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

BANKRUPTCY—INDIVIDUAL PARTNER—DISCHARGE—FIRM DEBTS.

> Where, after the dissolution of a firm, one of the partners became a bankrupt and listed the debts of the firm in his schedules, from which it appeared that there were no firm assets, the bankrupt, after having secured his discharge, was entitled to the discharge of a judgment against the firm, based on a debt provable in the bankruptcy proceedings, under Code Civ. Proc. § 1268, requiring that full faith and credit be given by the state court to the discharge of a bankrupt by the federal District Court.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 778.]

Appeal from Special Term.

Action by Berry Bros. against Daniel F. Sheehan. From an order denying an application for the cancellation and discharge of a judgment, defendant appeals. Reversed, and petition granted.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Hippolyte A. Geney, for appellant.
Joseph M. Williams, for respondent.

CLARKE, J. On the 26th day of August, 1893, Berry Bros., a corporation, recovered a judgment in the Supreme Court, New York county, against Daniel F. Sheehan and Francis R. Elgar for $782.62; the cause of action being goods sold and delivered. In January, 1900, the defendant Sheehan filed his petition in bankruptcy in the United States District Court for the Southern District of New York, within which district he resided and did business. His sworn petition contained, among other things, the following:

"The petitioner was a member of the firm of Elgar & Sheehan. The partnership is dissolved, and there are no firm assets. The firm was dissolved in 1893."

In schedule 3 of his schedules filed in bankruptcy appears the following, in the column "Names of Creditors," "Berry Brothers, residence 252 Pearl street, N. Y." Under the column "Nature and Consideration of Debt, etc." "All partnership debts with Francis R. Elgar, partner Elgar & Sheehan, materials, amount $730.35." In schedule B4 of said schedules appears the following:

"In about the year 1892 or 1893, the firm of Elgar & Sheehan, of which petitioner was a member, made an assignment for the benefit of creditors. The deed was dated July 12, 1893, and made to Henry Fredericks. All the petitioner's interest in firm property and outstanding accounts was conveyed, and with the outstanding accounts the property realized $1,813, which, to the best knowledge of the debtor, was divided pro rata among the creditors."

On the 26th day of February, 1900, the discharge in bankruptcy was issued out of the United States District Court which provided:

"That said Daniel F. Sheehan be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 5th day of January, A. D. 1900, on which day the petition for adjudication was filed by him, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

An execution having been issued against the property of the said defendant on the judgment hereinbefore mentioned, on the 7th day of August, 1906, the defendant moved before the Special Term that said execution be vacated, and that said judgment be discharged and canceled, pursuant to sections 1268 and 1269 of the Code of Civil Procedure, and from the order denying said relief this appeal is taken.

The question presented is whether or not partnership debts are discharged by the discharge in bankruptcy of an individual member of the firm, when the debts of the copartnership were listed in the schedules of the bankrupt, and it appears that there are no assets of the firm. The respondent claims that partnership debts are not discharged upon individual petition, and that in order to discharge such debts the firm must be adjudicated bankrupt and there must be a firm trustee. In West Philadelphia Bank v. Garry, 106 N. Y. 467, 13 N. E. 453, this precise question was under consideration by the Court of Appeals under the bankrupt act of 1867. The court used this language:

"It appears as a fact in the case that before the petition in bankruptcy was filed the firm had been dissolved, and a general assignment without preferences made by it of all its property to assignees, who qualified and took charge of and distributed its property. Not only had the firm then ceased to exist between the parties, but there were no partnership assets, nor any power on its part to acquire any. It is true that the assignment did not release the obligation of the contract, but that was effected by bankruptcy, if the debt was one provable against the bankrupt. * * * That it was so provable requires no argument, for it is not one of the excepted classes; and, save these, all debts and liabilities, claims and demands, present or future, certain or contingent, to which the bankrupt was subject, or which were due and payable from him at the date of the adjudication, might be proved against his estate. * * * Moreover, if there were partnership effects, the interest of the bankrupt member vested in his assignee. * * * Nothing else can be inferred than that, within the intent of the act, one partner might be entitled to be discharged for or in respect of the partnership debts."

There seems to be no reason why the ruling of the Court of Appeals upon this subject, interpreting the bankrupt act of 1867, should not

apply to the present act, and, in fact, the Circuit Court of the United States for the District of Indiana in Jarackie v. McElwayne, 5 Am. Bankr. Rep. 751, 107 Fed. 249, has so held.

The respondent relies upon Dodge v. Kaufman (Sup.) 91 N. Y. Supp. 727, which in turn was based upon the decisions of United States District Court in Matter of Laughlin, 3 Am. Bankr. Rep. 1, 96 Fed. 589, and Matter of Meyers, 3 Am. Bankr. Rep. 260, 97 Fed. 757; but in both the Laughlin and the Meyers Cases the question was pending before the District Court whether or not the discharge in bankruptcy should issue, while in the case at bar the discharge in bankruptcy has issued, and the question is whether the courts of this state will recognize as in full force and effect the decision of the United States District Court, which, by the Constitution of the United States and the laws made thereunder, has exclusive jurisdiction of the question of bankruptcy. It should be noted, also, that in the Meyers Case, supra, the court said:

"Where there are absolutely no assets, separate proceedings may be valid, and a discharge of each partner separately may possibly be had, because the firm debts are several as well as joint."

It also appeared in the Meyers Case that there were firm assets existing as outstanding book accounts, amounting to $9,530.20, and in the Wilkins Case, also cited therein, it was said:

"I understand the law to be that, when there are firm debts and firm assets, the firm must be declared bankrupt by either voluntary or involuntary proceedings before any member of the firm can be discharged from its liabilities, and that this applies only to copartnerships actually existing, or where there are assets belonging to the firm and not to copartnerships terminated heretofore by bankruptcy, insolvency, assignment, or otherwise."

It seems that the cases which are relied upon as authority for the proposition that a discharge of an individual does not discharge his liability for firm debts were all cases where the copartnership had not been dissolved and where there were firm assets. It seems to me quite clear that none of the cases cited affect the doctrine of West Philadelphia Bank v. Garry, supra. As it appears in this case, without contradiction, that the firm had been dissolved in 1893 by an assignment for the benefit of creditors, that all the firm property had been reduced to possession by the assignee and distributed among the creditors, that the debt was set up in the schedules and therein fully described as a copartnership debt, that both the debt and the judgment were provable against the bankrupt and that he has been discharged from such provable debts, and that there are no assets of the firm existing, full faith and credit must be given to the discharge by the District Court, and petitioner is entitled, under section 1268 of the Code of Civil Procedure to the relief prayed.

It follows therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the prayer of the petition granted, with $10 costs. All concur.