### In re FITZGERALD.

(District Court, S. D. New York. October 17. 1911.)

1. BANKRUPTCY (§ 314*)—INTERVENTION—RIGHTS OF CREDITORS.

Where a provable claim against a bankrupt existed at the time the petition was filed, the subsequent assignment thereof carried with it all the rights and remedies which the assignor had, including the right to intervene in bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 319*)—CLAIMS—DEFICIENCY—JUDGMENT.

Where an assignor held a bond secured by mortgage against the bankrupt at the time the petition was filed and the property was sold and a judgment for a deficiency was entered about a month after bankruptcy, the assignor had a claim which was provable though not yet recoverable at the time of filing the petition, so that, when the amount of the deficiency was ascertained and judgment entered therefor, the claim, by the entry of the judgment, became liquidated so as to authorize the assignee to intervene.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 319.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Olive A. Fitzgerald. On petition to review an order denying a motion to dismiss the petition of intervening creditors. Affirmed.

Rogers & Rogers, for alleged bankrupt.

Marcuson Brothers, for petitioning creditors.

John H. Judge, for petitioning creditor Cornelia G. Chapin.

HOLT, District Judge. This is a petition to review a ruling of a referee denying a motion to dismiss the petition of intervening creditors on the ground that they were not creditors when the petition was filed. Two claims were assigned to them after the petition was filed, one of which admittedly was a provable claim existing at the time the petition was filed.

[1] In my opinion, the assignment of the claim carried with it all the rights and remedies which the assignor had, and, among other remedies, the same right to intervene in a pending bankruptcy proceeding that the assignor had.

[2] The other claim is on a judgment for a deficiency on the foreclosure of a mortgage. The assignor held a bond for $50,000, secured by a mortgage, at the time the petition was filed. A suit to foreclose the mortgage was brought, the property sold, and a judgment for about $3,000 for deficiency entered about a month after the original petition was filed. In my opinion, the assignor had a claim which was provable, although not yet allowable, at the time the petition was filed. The mortgagee held the mortgage as security for the bond; but, as the result of the sale showed, the security was insufficient. The mortgagee could have disregarded the mortgage and proved for the indebtedness due on the bond; or the mortgagee could have taken proceedings to have the value of the security fixed, and substantially did so by the suit to foreclose. I think that when the amount of the deficiency was ascertained, and judgment entered for the amount, the claim which was provable when the petition was filed became liquidated and in condition to be allowed.

My conclusion is that the referee's ruling should be affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes