NATHANIEL E. GORDON, In Equity,

*vs.*

THE TEXAS COMPANY, et al.

Cumberland.    Opinion March 24, 1920.

*Bankruptcy proceedings.    Individual estates of partners held for partnership liabili-*
*ties after individual liabilities are satisfied.    Proof of partnership debt may*
*be filed after individual liabilities are satisfied.    A judgment entered*
*up after the commencement of bankruptcy proceedings is*
*barred by a discharged in bankruptcy.*

Prior to March 30, 1918, the plaintiff and Cleon E. Webster were co-partners in
business under the firm name of Webster & Gordon.  The partnership had
been dissolved before that time.  On that date the plaintiff, in his individual
capacity only, upon his voluntary petition, was adjudicated a bankrupt in the
District Court of the United States for the District of Maine.  On the 31st
day of October, 1918, he received his discharge from all debts and claims which
were provable against his estate by virtue of the acts of Congress relating to
bankruptcy, and which existed on the 27th day of March, 1918, on which day
the petition for adjudication was filed by him, excepting such debts as were by
law excepted from the operation of a discharge in bankruptcy.  In his list of
creditors, filed with the petition for adjudication, is to be found the following:
"The Texas Co., 1914 Portland. 131 Preble St., Portland, Me.  Judgment
against Cleon L. Webster and Nathaniel E. Gordon as co-partners under the
name and style of Webster & Gordon $1215.45."

At the time of the filing of the petition, on which said adjudication in bankruptcy
was made, a suit was pending on said debt in the Superior Court within and for
the County of Cumberland, in the State of Maine, entitled *The Texas Company*
v. *Webster & Gordon,* in which the said Cleon L. Webster and the said
Nathaniel E. Gordon were described as formerly co-partners under the firm
name and style of Webster & Gordon, and in which action judgment was
entered for the plaintiff on the 29th day of March, 1918, for $1215.49 with
interest from date of the writ, and an execution issued thereon April 3rd 1918.

On October 25th 1918, the Texas Company procured an alias execution on said
judgment, placed the same in the hands of Frank M. Hawkes, the other defend-
ant in this bill of equity, who was a deputy sheriff, and caused a seizure to be
made of certain property claimed to be the property of the plaintiff.

The plaintiff claims that the debt due the Texas Company was among those affected by his discharge in bankruptcy and prays that the defendants may be restrained and enjoined from carrying their seizure into further effect.

Both defendants filed answer and demurrer. The demurrers were overruled, to which ruling exceptions were taken by both defendants. Upon hearing the court decreed a writ of permanent injunction to issue enjoining and restraining the defendants from taking any action to complete the seizure and levy made upon the individual property of the complainant, as set forth in his bill, and from attempting in any way whatsoever to satisfy the judgment above set forth out of the individual property of the complainant. From this decree appeals were seasonably taken.

The defendant company had notice of the bankruptcy proceedings and examined the bankrupt before the referee.

*Held:*

1. That individual estates of partners, in the absence of sufficient partnership assets to meet the debts thereof, are held for payment of partnership debts, provided such individual assets are not consumed in payment of individual liabilities.

2. That partnership debts are provable against the individual estate of a partner, although postponed in payment until after the individual debts are paid in full.

3. That a debt provable in bankruptcy, although merged in a judgment entered up after the commencement of bankruptcy proceedings, still remains the same debt on which the action was brought, and that such a judgment is discharged by the debtor's discharge in bankruptcy. A different rule has been announced by this court in discussing provisions under a State insolvency law but not in discussing the provisions of a national bankruptcy act.

4. Since partnership debts are provable against the individual estate of a partner, it follows that a discharge in individual bankruptcy proceedings is effectual as to such claims, since the more recent Bankruptcy Acts provide that a discharge shall relieve a bankrupt from all of his provable debts.

Bill in equity brought by plaintiff against defendants to restrain and enjoin them from attempting to satisfy a judgment against Cleon L. Webster and Nathaniel E. Gordon as co-partners under the name and style of Webster & Gordon, for $1215.45, out of the individual property of the plaintiff, he having been discharged in bankruptcy as an individual in proceedings instituted by a petition for adjudication, filed prior to the date when said judgment was entered up against said co-partnership. Both defendants filed answer and demurrer. The demurrers were overruled, to which ruling exceptions were taken by both defendants. The court decreed that a writ of permanent injunction to issue. From this decree defendants took an appeal.

Exceptions overruled. Appeal dismissed with costs. Writ of perpetual injunction to issue.

Case stated in the opinion.

*Emery G. Wilson,* for complainant.

*M. E. Rosen,* for respondents.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

PHILBROOK, J. Prior to March 30, 1918, the plaintiff and Cleon E. Webster were co-partners in business under the firm name of Webster & Gordon. The partnership had been dissolved before that time. On that date the plaintiff, in his individual capacity only, upon his voluntary petition, was adjudicated a bankrupt in the District Court of the United States for the District of Maine. On the 31st day of October, 1918, he received his discharge from all debts and claims which were provable against his estate by virtue of the acts of Congress relating to bankruptcy, and which existed on the 27th day of March, 1918, on which day the petition for adjudication was filed by him, excepting such debts as were by law excepted from the operation of a discharge in bankruptcy. In his list of creditors, filed with the petition for adjudication, is to be found the following: "The Texas Co. 1914 Portland. 131 Preble St., Portland, Me. Judgment against Cleon L. Webster and Nathaniel E. Gordon as co-partners under the name and style of Webster & Gordon $1215.45."

At the time of the filing of the petition, on which said adjudication in bankruptcy was made, a suit was pending on said debt in the Superior Court within and for the County of Cumberland, in the State of Maine, entitled *The Texas Company* v. *Webster & Gordon,* in which the said Cleon L. Webster and the said Nathaniel E. Gordon were described as formerly co-partners under the firm name and style of Webster & Gordon, and in which action judgment was entered for the plaintiff on the 29th day of March, 1918, for $1215.49, with interest from date of the writ, and an execution issued thereon April 3d, 1918. On October 25th 1918, the Texas Company procured an alias execution on said judgment, placed the same in the hands of Frank M. Hawkes, the other defendant in this bill of equity, who was a deputy sheriff, and caused a seizure to be made of certain property claimed to be the property of the plaintiff.

The plaintiff claims that the debt due the Texas Company was among those affected by his discharge in bankruptcy and prays that the defendants may be restrained and enjoined from carrying their seizure into further effect.

Both defendants filed answer and demurrer. Replication followed. The demurrers were overruled, to which ruling exceptions were taken by both defendants. Upon hearing the court decreed a writ of permanent injunction to issue enjoining and restraining the defendants from taking any action to complete the seizure and levy made upon the individual property of the complainant, as set forth in his bill, and from attempting in any way whatsoever to satisfy the judgment above set forth out of the individual property of the complainant. From this decree appeals were seasonably taken. The decisive question may be found in the consideration of the appeal, viz., did the discharge in bankruptcy relieve the complainant from liability upon the partnership debt due the Texas Company.

The law is too well settled to require citation of authorities that individual estates of partners, in the absence of sufficient partnership assets to meet the debts thereof, are held for payment of partnership debts, provided such individual assets are not consumed in payment of individual liabilities.

It is also true that recent cases support the modern rule that partnership debts are provable against the individual estate of a partner, although postponed in payment until after the individual debts are paid in full. Note to *Horner* v. *Hamner*, L. R. A., 1918 E page 471, and cases there cited. This modern rule grows out of and is in harmony with U. S. Comp. Stat. Section 9589, sub-division g, which declares that "The court may permit the proof of the claim of the partnership estate against the individual estates, and vice versa, and may marshall the assets of the partnership estate and individual estates so as to prevent preference and secure the equitable distribution of the property of the several estates."

Before proceeding further we deem it necessary to refer to a contention raised by the defendant in its demurrer growing out of the fact that the Texas Company's original debt has been merged into a judgment which post-dated the adjudication of bankruptcy. Reliance is placed upon *Jordan* v. *MacKenzie*, 113 Maine, 58. The opinion in that case was based upon *Emery et al, appellants*, 89 Maine, 544, but we fear the fact has been overlooked that these Maine opinions

were discussing cases arising under State insolvency laws and not
under national bankruptcy acts. In the Emery case our court was
careful to say "Nor do we go further than to hold the doctrine herein
enunciated applicable to insolvency proceedings under the insolvent
law of this State, and not to proceedings under the bankruptcy law
of the United States." The doctrine referred to, and relied upon in
the case at bar, is that if, after proceedings in insolvency have been
instituted, judgment is recovered upon a debt provable under those
proceedings, the original debt is thereby merged in the judgment, so
far as to defeat any claim for an allowance under it against an insol-
vent estate, and the judgment is not provable against the estate of
the debtor, because it did not exist at the time of the initiation of
insolvency proceedings. That a different rule might be held to
apply under the national bankruptcy act was also admitted in
*Emery et al*, appellants, supra, and citation was therein made to
*Boynton* v. *Ball*, 121 U. S., 457, where, under the Bankruptcy Act of
1867, the Federal Court held that a debt provable in bankruptcy,
although merged in a judgment entered up after the commencement
of bankruptcy proceedings, still remains the same debt on which the
action was brought, and that such a judgment is discharged by the
debtor's discharge in bankruptcy. In the Bankruptcy Act of 1898,
U. S. Comp., St. 1916, Section 9647, under the heading "Debts
which may be proved," is to be found this provision, viz., debts
"founded upon provable debts reduced to judgments after the filing
of the petition and before the consideration of the bankrupt's applica-
tion for a discharge, less costs incurred and interest accrued after the
filing of the petition and up to the time of entry of such judgments."
In his work on Bankruptcy, 4th. Ed. page 449, Mr. Collier declares
that this clause gives statutory recognition to the doctrine of *Boynton*
v. *Ball*, supra, which settled a controversy under the law of 1867 that
outlasted the statute itself. Hence it follows, in the case at bar, that
the debt of the Texas Company, under the evidence and stipulations,
although a debt against the partnership of Webster and Gordon, and
reduced to judgment after filing the petition in bankruptcy, was
provable against the individual estate of Gordon, provided costs and
interest, after filing the petition, and up to the time of entry of judg-
ment, had been credited. Collier on Bankruptcy, 4th. Ed., page 449.

Since this was a provable debt against the plaintiff's individual
estate was it affected by his discharge "from all debts which are made

provable, by the bankruptcy act, against his estate." In answer to this question we quote from the note to *Horner* v. *Hamner*, supra. "It seems to follow from the fact that joint debts are provable in an individual proceeding, that a discharge therein is effectual as to such claims, since the more recent Bankruptcy Acts provide that a discharge shall relieve a bankrupt from all of his provable debts." After conceding that there has not been complete harmony among decided cases, the annotator concluded that "the late cases, in the main, support the right of the individual bankrupt to a discharge from firm debts.

*In re Kaufman*, 136 Fed. Rep., 262, a case decided in the District Court for the eastern district of New York in 1905, and frequently cited with approval, presents facts and law, peculiarly applicable to the case at bar. The bankrupt filed his individual petition, although previously he had been a member of a partnership. With his petition he filed a schedule of creditors, in which were individual creditors and creditors of the partnership. Notice was sent to all creditors whose names appeared in the schedule. A partnership creditor, although in receipt of notice, did not prove his claim against the individual estate of the bankrupt. The bankrupt was examined and in due time, upon his individual application, was discharged from all debts and claims which were made provable by the bankruptcy act against his estate and which existed on the date of filing his individual petition. The court held that the creditor above referred to was permitted, if he had any claim against the individual estate of Kaufman, growing out of partnership relations, to prove such claim; and upon his failure to do so his right to collect from Kaufman a judgment against the partnership was foreclosed by the discharge of Kaufman as an individual. The court also declared that the creditor had full opportunity to prove his claim against the bankrupt, as an individual, which he neglected to do, and in default thereof the creditor was "debarred from thereafter claiming that the estate of the individual, or the individual himself, is liable for the payment" of the claim. The Circuit Court of Appeals for the Second Circuit cited the Kaufman case *In re Diamond*, 149 Fed. Rep., 407, and declared full concurrence in the reasoning and conclusion therein expressed.

In *New York Inst.* v. *Crockett*, 102 N. Y., Supp., 412, 17 Am., Bankr. Rep., 233, it was held that, since partnership debts are provable against the individual estate of a bankrupt partner, they are

discharged by a complete, unlimited discharge of the bankrupt's provable debts, at least when the business has no assets, and the creditor had notice of the proceedings; and this, although the debt was scheduled without any reference to the co-partnership. To the same effect is the opinion in *Berry Bros.* v. *Sheehan,* 101 N. Y., Supp., 371, 17 Am. Bankr. Rep., 322.

In the case at bar, as we have seen, the Texas Company's claim was sheduled in the plaintiff's list of creditors. That company appeared before the Referee in Bankruptcy and examined the plaintiff. It had full opportunity to prove its claim against the individual estate of the plaintiff, and if it failed to do so, we must hold that under the decisions above cited it is debarred from any attempt now to collect its claim from the plaintiff individually or from the plaintiff's estate.

Our conclusion renders further discussion of the exceptions unnecessary.

> *Exceptions overruled.*
> *Appeal dismissed with costs.*
> *Writ of perpetual injunction*
>    *to issue.*