## CITY NAT. BANK OF DECATUR v. GREENE. (No. 2586.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 20, 1926.)

1. **Bankruptcy** ⊂⊃436(3)—**Evidence held sufficient to show that judgment creditor of bankrupt had actual notice of bankrupcty proceedings.**

In suit by bank for foreclosure of judgment lien on land, evidence *held* sufficient to show that bank's officers, prior to judgment, had actual knowledge of pendency of bankruptcy petition by judgment debtor.

2. **Bankruptcy** ⊂⊃31, 436(1)—**Debts held not properly scheduled; burden of proving actual notice to creditor of bankrupt of bankruptcy proceedings held to be on bankrupt.**

Statement in bankrupt's schedule of liabilities that partnership was indebted for certain amount to various concerns, and that bankrupt's interest in partnership was certain share, was insufficient to schedule partnership debts, and in suit to foreclose lien of judgment for such debts burden of proving actual notice of bankruptcy proceedings was on defendant.

3. **Corporations** ⊂⊃428(1)—**As general rule, notice to agent or officer of corporation is notice to corporation.**

As general rule, notice to agent or officer of corporation is notice to corporation.

4. **Banks and banking** ⊂⊃116(1)—**Knowledge of president, vice president, or cashier of creditor bank, of bankruptcy proceedings, held notice to bank.**

Knowledge of president, vice president, or cashier of creditor bank, of debtor's pending bankruptcy proceedings, is notice to bank.

5. **Bankruptcy** ⊂⊃429—**Discharge of individual bankrupt in bankruptcy proceedings held to discharge his liability for debts of partnership of which he is member.**

Discharge of individual bankrupt in voluntary proceeding discharges his liability for partnership debts where properly scheduled, or where creditor has actual notice of proceedings.

6. **Bankruptcy** ⊂⊃309—**Partnership** ⊂⊃63—**Partnership not legal entity; firm debts held provable against estate of bankrupt partner.**

Partnership is not legal entity, and firm debts are provable against estate of bankrupt partner.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Suit by the City National Bank of Decatur against Clois L. Greene to foreclose a judgment lien on land. Judgment for defendant, and plaintiff appeals. Affirmed.

M. W. Burch, of Decatur, and Berry, Stokes & Killough, of Vernon, for appellant.

L. P. Bonner, Storey & Leak, and J. A. Storey, all of Vernon, for appellee.

HALL, C. J. The appellant bank filed this suit in the district court of Wilbarger county against the appellee, Greene, alleging, in substance, that on the 2d day of January, 1922, in a certain cause styled City National Bank of Decatur v. Keystone Petroleum Company, a partnership composed of Clois L. Greene and five others, said bank recovered a judgment in the district court of Wise county against all of the defendants, jointly

and severally, in the sum of $14,194.68 and costs of suit; that within 12 months from the date of said judgment it caused an execution to be issued thereon, and in due time filed and had recorded an abstract of said judgment in Wilbarger county, Tex., which said judgment has never been satisfied, vacated, or modified. It prayed for the foreclosure of its judgment lien upon land described in the petition in this suit, and for an order of sale.

The defendant Greene answered, alleging in bar of the action that on the 31st day of October, 1921, he filed his petition in bankruptcy in the District Court of the United States for the Northern District at Wichita Falls, praying that he be adjudged a bankrupt; that on the 28th day of November, 1921, he was adjudged a bankrupt; that said suit in the district court of Wise county was filed prior to the time that defendant filed his petition in the federal court to be adjudged a bankrupt; and during the pendency of the bankruptcy proceedings, to wit, on the 2d day of January, 1922, the bank took its judgment in the district court of Wise county; that the appellee received his discharge in bankruptcy on the 7th day of April, 1922, more than three months after the judgment in the district court of Wise county was entered against him; that if the debt sued on by plaintiff was not scheduled as one of the defendant's obligations it was due to an oversight on his part and lack of definite information when preparing and filing his petition in bankruptcy; that said bank, through its vice president, Steve Lillard, and other officers, had actual notice and knowledge of the filing of defendant's said petition in bankruptcy and of the pendency of the bankruptcy proceedings. He pleads in detail how said bank, through its officers, acting within the scope of their authority, had actual notice of the bankruptcy proceedings long prior to the judgment on said note and of his final discharge; that said notice was received in ample time to have enabled the bank to present its claim in the bankruptcy proceedings and have the same acted upon; that defendant did nothing to prevent said bank from proving up its claim and participating in the distribution of his assets; that the debt upon which judgment was rendered in Wise county was a provable claim, it being a debt incurred long prior to the time he was adjudged a bankrupt, and that by reason of said facts the judgment against him in the district court of Wise county is null and void, and the abstract of judgment created no lien upon the real estate described in the petition.

The plaintiff bank, by way of supplemental petition, alleged that its debt against Greene had not been properly scheduled in the bankruptcy proceedings instituted by him, and that it had no notice either actual or con-

structive, of the filing of said petition in bankruptcy and the proceedings in the federal court until long after it had procured its judgment against Greene and his codefendants in the district court of Wise county, and long after Greene had been discharged in bankruptcy; that said bank had no opportunity to file its claim against the estate of Greene in the federal court; and that the indebtedness claimed by plaintiff was a partnership debt created by the Keystone Petroleum Company, a firm composed of Greene and the other defendants in said suit.

The case was submitted to a jury upon special issues, the material findings being that the bank, through its officers, to wit, its president and vice president, had actual notice of the pendency of the application in bankruptcy from the referee in bankruptcy; that such notice was conveyed by publication in daily papers during November and December, 1921, and also that actual notice was given to said bank by J. F. Davis and John Rector, who testified as witnesses in the trial of this case. Upon the findings, the court rendered judgment in favor of the defendant and appellee Greene, and that appellant bank take nothing as against him, and that it be enjoined from further attempting to collect said judgment.

[1] The contest is presented here under 8 propositions and 26 assignments of error. The appellee vigorously attacks the sufficiency of appellant's brief, which we find fails to comply strictly with the fundamental rules of briefing. Notwithstanding its defects, we have decided to consider the material issues urged, the first of them being that the debt was not properly scheduled by Greene as it appears amongst the list of his creditors filed in the federal court. This is true. The evidence is sufficient, however, to show that the bank had actual notice of the pendency of the bankruptcy proceedings in the federal court through information imparted to the president and vice president of the appellant bank some time in November or the 1st of December by J. F. Davis and John Rector. Rector testified that as he was passing the bank Steve Lillard, Jr., vice president of the bank, together with Mr. Gipson, called him into the building and told him that Clois Greene had gone into bankruptcy.

[2-4] The witness, Davis, also testified that Lillard told him, during a conversation in the bank, that Clois Greene and Mr. Milton had filed bankruptcy proceedings, and maybe Mr. Floyd. Clois Greene also testified that he had a conversation with Steve Lillard in the presence of Lillard's father in the bank in November or about the 1st of December, in which Steve Lillard asked him what per cent. his assets would pay upon his indebtedness; that in the conversation, he told them that he was not able to pay his debts, and had to file his petition in bankruptcy,

and that one of the Lillards said that if there would be no assets the bank was in pretty good shape anyhow, as they had a mortgage on the casing of the well. There is a conflict of the testimony upon this issue, but the record shows that it greatly preponderates in support of the finding of the jury that the bank had notice. The burden of proving actual notice to the bank, in the absence of a proper schedule, was upon the defendant Greene. Bogart v. Cowboy State Bank & Trust Co. (Tex. Civ. App.) 182 S. W. 678; Fields v. Rust, 36 Tex. Civ. App. 350, 82 S. W. 331; Hill v. Smith, 260 U. S. 592, 43 S. Ct. 219, 67 L. Ed. 419. The general rule is that notice to the agent or officer of a corporation is notice to the corporation, and the authorities are uniform that knowledge of bankruptcy proceedings by a president, vice president, or cashier of a creditor bank is notice to the bank. Dight v. Chapman, 44 Or. 265, 75 P. 585, 65 L. R. A. 793; Bank of Wrightsville v. Four Seasons, etc., 21 Ga. App. 453, 94 S. E. 649.

The claim involved in this action is listed in Greene's schedule as follows:

"Keystone Petroleum Company, Decatur, Texas.

"Keystone Petroleum Company are indebted as a partnership association between $25,000.00 and $35,000.00 to various concerns. My interest in this partnership is an undivided 1/12, $35,000.00."

[5, 6] This is not "duly scheduled" in the sense required by the bankruptcy law to entitle Greene to a discharge unless the bank had actual notice of the bankruptcy proceedings. While there is a want of harmony in the authorities, we think the weight of authority is to the effect that the discharge of an individual bankrupt in proceedings instituted by him has the effect of discharging his liability for the debts of a partnership of which he is a member. A partnership is not a legal entity in Texas, and firm debts are provable against his estate if he is one of the partners. The bank, as the holder of the note signed by each member of the firm known as the Keystone Producing Company, had notice of Greene's bankruptcy proceedings, and, although the claim was not scheduled, the judgment of discharge was sufficient to include that debt. Gordon v. Texas Co., 119 Me. 49, 109 A. 368; Deaf & Dumb Institute v. Crockett, 117 App. Div. 269, 102 N. Y. S. 412; Berry Bros. v. Sheehan, 115 App. Div. 488, 101 N. Y. S. 371; In re Kaufman (D. C.) 136 F. 262; Jarecki Manufacturing Co. v. McElwaine (C. C.) 107 F. 249; Loomis v. Wallblom, 94 Minn. 392, 102 N. W. 1114, 69 L. R. A. 771, 3 Ann. Cas. 798; Horner v. Hamner, 249 F. 134, 161 C. C. A. 186, L. R. A. 1918E, 465; Tate v. Briner (D. C.) 226 F. 881.

The judgment of the trial court is affirmed.