WILSON LABORATORIES *v.* WEBSTER-WARNOCK CHEMICAL Co.*

(*Nashville.* December Term, 1926.)

Opinion filed, March 30, 1926.

**BANKRUPTCY. Pending litigation in state court. Appeal bond. Liability of Sureties.**

In the absence of some injunction or stay order, the complainant has a right to prosecute his action against the bankrupt defendant to judgment after an adjudication and before a discharge is had. And where the trustee in bankruptcy by leave of the district court and with permission of the State Appellate Court of Appeals intervenes and defends on behalf of the bankrupt estate, the complainant will not be remitted to the bankruptcy court and deprived of his claim, upon decree in his favor, which an appeal bond was executed to protect and conditioned to pay such judgment, as shall be awarded. (Post, p. 300.)

Citing and distinguishing: Martin v. Kilbourn, 59 Tenn., 331; Martin Furn. Co. v. Massey, 135 Tenn., 339.

Citing: Bankrupt Act 1898, sec. 11-a-b-c, sec. 63, ss. 5; 7 Corpus Juris, 240-242-243-300; Collier on Bankruptcy (13 Ed.), 416-417; In Re Vadner, 259 Fed., 635; Virginia Coke Co. v. Olcott, 197 Fed., 730; In Re Fitzgerald, 191 Fed., 95; In Re Forchia, 185 Fed., 576; In Re Buchan's Soap Corporation, 169 Fed., 117; In Re Fife, 109 Fed., 880; In Re Lessor, 99 Fed., 913; In Re McBryde, 99 Fed., 686; Gordon v. Texas Co. (Me.), 109 Atl., 368.

---

*As to construction and interpretation of Bankruptcy Act, see 3 R. C. L., 168; 1 R. C. L. Supp., 779; 6 R. C. L. Supp., 154.

---

*Headnotes 1. Bankruptcy, 7 C. J., section 481; 2. Bankruptcy, 7 C. J., section 12; 3. Appeal and Error, 4 C. J., section 1462.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to Court of Appeals and by *Certiorari* to Supreme Court.— HON. D. W. DeHAVEN, Chancellor.

SIVELEY, EVANS & McCADDEN, for plaintiff.

STICKLEY & FITZHUGH, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On December 28, 1925, complainant obtained a final decree against defendant for the sum of $1524. From this decree defendant prayed and was granted an appeal to the Court of Appeals, and on January 4, 1926, filed an appeal bond in the sum of $2,000, with the Indemnity Insurance Company as surety thereon, conditioned to "pay and satisfy the amount of the judgment, damages, all such costs as shall be awarded against it by said Court of Appeals." The Court of Appeals concurred in the findings of the Chancellor, and on July 31, 1926, entered a decree against the defendant and the Indemnity Insurance Company in the sum of $1524, together with interest thereon, and the costs of the cause. The Indemnity Insurance Company alone brings the cause to this court and assigns one error, viz:

. "This was error because the condition of the bond which was signed by petitioner as surety was to pay such judgment as 'shall be awarded against it' or the Webster-Warnock Chemical Company, and no judgment or decree could be entered against said Webster-Warnock Chemical Company because of its intervening bankrupt-

cy, and therefore no judgment or decree could be entered against petitioner as its surety."

The complainant concedes that on May 22, 1926, the defendant filed a voluntary petition in bankruptcy, and on the same day was adjudged a bankrupt; that on June 8, 1926, F. M. Robertson was elected and qualified as trustee in bankruptcy of defendant company; that on June 21, 1926, said trustee, pursuant to his petition, obtained from the district court the following order: "It is further ordered that the complainant in said cause, Wilson Laboratories, is hereby allowed and granted leave to prosecute said cause to final judgment or decree in the appellate courts, but in the event of such decree, shall not cause execution to issue thereon against the bankrupt;" that said trustee thereupon filed a petition in the Court of Appeals pursuant to which that court entered the following order, which was approved by counsel, to-wit:

"That F. M. Robertson, as Trustee in bankruptcy of Webster-Warnock Chemical Company, be, and he hereby is, allowed to intervene herein and defend said suit on behalf of the said Webster-Warnock Chemical Company, bankrupt, and appellee is allowed to prosecute this suit against said bankrupt to final judgment."

In this state of the record the cause was heard in the Court of Appeals upon the merits, with the result heretofore stated.

The only question raised by the assignment of error is as to the jurisdiction and power of the Court of Appeals to enter a decree against the defendant after it was adjudged a bankrupt but before its discharge, the bankruptcy court expressly authorizing such a decree.

Section 11 of the Bankrupt Act of 1898 is as follows:

"a.   Suits By and Against Bankrupts.   A suit which
is founded upon a claim from which a discharge would
be a release, and which is pending against a person at
the time of the filing of a petition against him, shall be
stayed until after an adjudication or the dismissal of the
petition; if such person is adjudged a bankrupt, such
action may be further stayed until twelve months after
the date of such adjudication, or, if within that time
such person applies for a discharge, then until the ques-
tion of such discharge is determined.

"b.   The court may order the trustee to enter his ap-
pearance and defend any pending suit against the bank-
rupt."

This provision provides for a stay until after an ad-
judication of bankruptcy after which time such action
*may be further stayed* (italics ours); that is, the court is
given a discretion to further stay the action.   But the
court, exercising its discretion, instead of further stay-
ing the action, authorized the trustee to enter his ap-
pearance and defend the pending suit, as provided in
section -11, sub-section "b," and in the same order au-
thorized the complainant to prosecute its suit to judg-
ment.   If the purpose of the act were to permanently
stay pending actions in other courts, and compel the
creditors to begin their contests anew in the bankruptcy
court, then Section 11, Sub-section "b" would be in con-
flict with Sub-section "a," and to so hold would violate
the familiar rule of statutory construction, which pro-
vides that every part of the act must be given effect.

The construction which we have given the act is streng-
thened by the language employed in Section 63, as fol-
lows:

"Debts which may be proved—a Debt of the bankrupt
which may be proved and allowed against his estate

which are (5) founded upon provable debts reduced to judgment after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interests accrued after the filing of the petition and up to the time of the entry of such judgments.''

If an intervening bankruptcy proceeding operates as a permanent stay, as contended by counsel for the Indemnity Insurance Company, then a judgment rendered after the filing of the petition and before the discharge would be void, notwithstanding the express provision of the act that such a judgment is a provable claim. That such judgment may be entered finds support in the following authorities: 7 Corpus Juris, 300.; Collier on Bankruptcy (13th Ed.), 416-417; *In Re Vadner*, 259 Fed., 635; *Virginia Coke Co. v. Olcott*, 197 Fed., 730; *In Re Fitzgerald*, 191 Fed., 95; *In Re Forchia*, 185 Fed., 576; *In Re Buchan's Soap Corporation*, 169 Fed., 117; *In Re Fife*, 109 Fed., 880; *In Re Lessor*, 99 Fed., 913; *In Re McBryde*, 99 Fed., 686.; *Gordon v. Texas Co.* (Me.), 109 Atl., 368.

Under the title ''Bankruptcy'' we quote from 7 Corpus Juris, as follows:

Section 240. ''The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt, and it is proper for the bankruptcy court to restrain the prosecution of such action for a reasonable time in order to enable the trustee to intervene effectively. But the provision of the Bankruptcy Act authorizing such intervention does not regulate the practice in State courts, its effect being merely to place upon the trustee the official duty of appearing according to the rules and practice of the State courts, so as to protect the interests of general creditors.''

In note (k) authorities are cited to the effect that it is discretionary with a State court as to whether a trustee will be permitted to intervene in an action in such court against the bankrupt.

Section 242. "The trustee may, with the authority of the court of bankruptcy, sue or defend in the name of the bankrupt without the substitution of his own name as trustee, as a party to the record."

Section 243. "It is not the absolute duty of the trustee to assume the prosecution or defense of pending actions by or against the bankrupt, but he may decline to do so if he deems that such course is for the best interest of the estate; and in such case the action may proceed unaffected by the adjudication of bankruptcy and the trustee is bound by the judgment rendered therein, but may claim the fruits of the action if the bankrupt is the successful plaintiff therein."

In note (d) authorities are cited to the effect that in the appellate court the trustee will not be permitted to intervene because such an act would result in the injection of original matter into the case not within the jurisdiction of the court.

Our conclusion is that practically all of the authorities, construing the bankrupt act, hold that, in the absence of some injunction or stay order, the complainant has a right to prosecute his action against the bankrupt to judgment after the adjudication of bankruptcy, and before the discharge of the defendant. Here the court had jurisdiction of the parties and of the subject-matter. The suit was defended by the trustee on behalf of the estate, and, upon principle, we see no reason for remitting the complainant to the bankruptcy court and depriving it of its claim, or an appreciable part thereof, which the bond was executed to protect. But for the bond

the complainant could have collected his debt by execution before the filing of the petition in bankruptcy.

In *Martin* v. *Kilbourn,* 59 Tenn., 331, and *Martin Furn. Co.* v. *Massey,* 135 Tenn., 339, discharges in bankruptcy were pleaded, which presented an entirely different question from the one here involved. In the latter case, however, the surety was held bound.

It follows that the assignment of error interposed by the Indemnity Insurance Company is without merit.

Other questions are discussed in the briefs, but since they are not supported by assignments of error it is unnecessary to elaborate upon them. We are of the opinion, however, that they are without merit.

Writ denied.